**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X

ANTHONY PETERSON, individually and on
behalf of all others similarly situated, as Collective
and Class representative,

                    Plaintiff,

           v.

LABORATORY CORPORATION OF AMERICA
HOLDINGS d/b/a LABCORP DIAGNOSTICS,

                  Defendant.

---------------------------------------------------------------- X

**Case No.** 1:20--cv-1056 (MAD/TWD)

**COLLECTIVE AND CLASS**
**ACTION COMPLAINT AND**
**JURY DEMAND**

Plaintiff Anthony Peterson ("Plaintiff"), individually and on behalf of all others similarly situated, by their attorneys, Shavitz Law Group, P.A. and Kessler Matura P.C., allege as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to recover overtime compensation for Plaintiff and similarly situated individuals who work or worked as Service Representatives/Couriers or in comparable roles with different titles ("SRs") for Defendant Laboratory Corporation of America Holdings d/b/a LabCorp Diagnostics ("Defendant" or "LabCorp") anywhere in the United States.

2.     LabCorp is an independent clinical laboratory business which employs about 39,000 employees.

3.     LabCorp employs SRs who handle and pick up laboratory specimens and lab samples and bring them to LabCorp testing sites for laboratory testing.

4.     SRs are hourly employees and LabCorp classifies them as non-exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et. seq.* ("FLSA") and the New York Labor Law, Art. 6 §§ 190 *et seq.*, and Art. 19, §§ 650 *et seq.* ("NYLL").

5.      LabCorb does not pay SRs for all hours and overtime worked including work performed before their shift start time, during their unpaid 30-minute meal breaks, and after their shifts.

6.      By the conduct described herein, Defendant has violated the NYLL and FLSA by failing to pay SRs, including Plaintiff, the wages and overtime wages they have earned and to which they are entitled by law.

7.      Plaintiff brings this action on behalf of themselves and similarly situated current and former SRs who worked in New York for Defendant pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL.

8.      Plaintiff also brings this action on behalf of himself and similarly situated current and former SRs who worked for Defendant nationwide who elect to opt-in to this action pursuant to the FLSA and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA by Defendant that have deprived Plaintiff and others similarly situated of their lawfully earned wages.

### **THE PARTIES**

#### ***Plaintiff Anthony Peterson***

10.      Plaintiff is an adult individual who is a resident of Rifton, New York.

11.      Plaintiff was employed by Defendant in Kingston, New York as an SR from approximately January 2014 to June 2019.

12.      Plaintiff was employed as a full-time employee.  Defendant regularly scheduled him to work Wednesdays through Sundays from 12pm to 8pm, Saturdays from 3pm to 11pm, and Sundays from 8pm to 4pm.

13.     Pursuant to Defendant's policy, pattern, or practice, Plaintiff was not paid for approximately 5 to 10 overtime hours he worked each week as an SR while performing pre-shift duties off-the-clock, working through unpaid meal breaks, performing unpaid work to complete required training, and attending to vehicle maintenance issues for LabCorp's vehicle.

14.     For example, during the workweek of April 1, 2019, Plaintiff worked about 45 to 50 hours and was not paid for about 5 to 10 hours worked off-the-clock.

15.     At all times relevant hereto, Plaintiff Peterson was a covered employee within the meaning of the FLSA and the NYLL.

16.     A written consent form for Plaintiff is attached as Exhibit A.

### *Defendant*

17.     LabCorp is a Delaware corporation with a principal place of business in North Carolina.

18.     LabCorp operates throughout New York including in this district.

19.     At all relevant times, Defendant was and is an "employer" within the meaning of the NYLL and the FLSA.

20.     Throughout the relevant period, Defendant employed Plaintiff and other SRs within the meaning of the NYLL and the FLSA.  Defendant has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

21.     At all times relevant, Defendant maintained control, oversight, and direction over Plaintiff and other SRs, including timekeeping, payroll, and other employment practices that applied to them.

22.     Defendant applies the same employment policies, practices, and procedures to all SRs.

23.     At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

25.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

26.     This Court also has jurisdiction over Plaintiff Peterson's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27.     Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## COMMON FACTUAL ALLEGATIONS

28.     Throughout his employment with Defendant, Plaintiff and other SRs regularly worked in excess of 40 hours per week, such as those specific overtime hours identified above.

29.     Defendant was aware that Plaintiff and other SRs worked unpaid hours and worked more than 40 hours per workweek, yet Defendant failed to pay them overtime compensation for all overtime hours worked.

30.     LabCorp requires that Plaintiff and SRs clock out during a 30-minute, unpaid lunch break on each shift.  Due to the heavy workload requirements and demanding route schedules, Plaintiff and SRs do not take uninterrupted *bona fide* meal breaks but instead perform work during their breaks without compensation.

31.     In addition, LabCorp requires that Plaintiff and SRs arrive before their shifts to prepare for their routes. Such preparation work include making specimen collection boxes, obtaining ice for the specimens, and checking whether additional routes were added to the SRs'

schedules.  Plaintiff and SRs arrive about 15 minutes before their shifts to perform such tasks but LabCorp does not permit them to clock in until their shift time, resulting in unpaid time worked on each shift.

32.    Plaintiff and SRs have to complete training for LabCorp while away from their work locations while off-the-clock.  Plaintiff and SRs watch training videos remotely and take training exams and quizzes.  LabCorp does not pay Plaintiff and SRs for such time worked.

33.    LabCorp provides Plaintiff and SRs with vehicles to perform their duties. However, Plaintiff and SRs attend to handling vehicle maintenance issues like oil changes and repairs on their days off or when they are not on the clock.  LabCorp does not pay them for such time worked. LabCorp issued paystubs to Plaintiff and SRs that failed to list all of the hours they actually worked on them.

34.    All of the work that Plaintiff and other SRs performed was assigned by Defendant or Defendant knew, whether constructively or actually, of the work that Plaintiff and other SRs performed.

35.    Upon information and belief, Defendant's unlawful conduct has been pursuant to a corporate policy or practice of minimizing labor costs by violating the NYLL and the FLSA.

36.    Defendant was aware, or should have been aware, that the NYLL and the FLSA required it to pay Plaintiff and other SRs compensation for all hours worked, including all overtime hours worked.

37.    Defendant's failure to pay Plaintiff and other SRs wages for all hours worked, including overtime hours, was willful.  Defendant recklessly disregarded its obligation to ensure that it paid for all work performed and did not take action to make sure to Plaintiff and SRs were paid for all hours worked.  Defendant did not investigate or inquire whether Plaintiff and SRs were

paid for all time worked, including time working before SRs clocked in, during lunch breaks, while completing training work, and while handling vehicle maintenance. Defendant's unlawful conduct has been widespread, repeated, and consistent.

## COLLECTIVE ACTION ALLEGATIONS

38.     Plaintiff brings the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all similarly situated persons who work or have worked for Defendant as SRs at any LabCorp location in the United States (excluding California), on or after three years prior to the filing of this Complaint to the date of judgment in this action, who elect to opt-in to this action (the "FLSA Collective").

39.     All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff Peterson and the FLSA Collective have performed.

40.     As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a.  willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and

    b.  willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

41.     Defendant is aware or should have been aware that federal law required it to pay non-exempt employees, including Plaintiff and the members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

42.     Defendant's unlawful conduct has been widespread, repeated, and consistent.

43.     Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective. Accordingly, notice should be sent to the FLSA Collective. There are

numerous similarly situated current and former employees of Defendant who have been denied

overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised

notice of this lawsuit and the opportunity to join.

## NEW YORK CLASS ACTION ALLEGATIONS

44.     Plaintiff brings the Second and Third Cause of Action under Rule 23 of the Federal

Rules of Civil Procedure, on behalf of a class of persons consisting of all persons who have trained

for Defendant as SRs in the State of New York (the "New York Class") at any point on or after

six years prior to the filing of the Complaint to the date of judgment in this action (the "New York

Class Period").

45.     Excluded from the New York Class are Defendant's legal representatives, officers,

directors, assigns, and successors, or any individual who has, or who at any time during the class

period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and

any member of the Judge's immediate family; and all persons who will submit timely and

otherwise proper requests for exclusion from the New York Class.

46.     The persons in the New York Class identified above are so numerous that joinder

of all members is impracticable.  Although the precise number of such persons is not known to

Plaintifs, the facts on which the calculation of that number can be based are presently within the

sole control of Defendant.

47.     Upon information and belief, the size of the New York Class is at least 100 workers.

48.     Defendant acted or refused to act on grounds generally applicable to the New York

Class, thereby making final injunctive relief or corresponding declaratory relief appropriate with

respect to the New York Class as a whole.

49.     The Second and Third Causes of Action are properly maintainable as a class action

under Federal Rule of Civil Procedure 23(b)(3).  There are questions of law and fact common to

the New York Class that predominate over any questions solely affecting individual members of

the New York Class, including but not limited to:

a.   whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and the New York Class;

b.   what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

c.   whether Defendant failed and/or refused to pay Plaintiff and the New York Class for all hours worked in violation of the NYLL;

d.   the nature and extent of New York Class-wide injury and the appropriate measure of damages for the New York Class;

e.   whether Defendant have had a policy of failing to pay workers for time that they work;

f.   whether Defendant failed to compensate Plaintiff and the New York Class for all work Defendant required and/or suffered or permitted them to perform;

g.   whether Defendant failed to maintain and provide accurate wage statements; and

h.   whether Defendant correctly calculated and compensated Plaintiff and the New York Class for hours worked in excess of 40 per workweek.

43.   Plaintiff's claims are typical of the claims of the New York Class sought to be

represented.  Plaintiff and the other New York Class members work or have worked for Defendant

and have been subjected to their policy and pattern or practice of failing to pay all wages due,

including overtime wages for all hours worked in excess of 40 hours per workweek, and failing to

maintain and provide accurate wage statements.  Defendant acted and/or refused to act on grounds

generally applicable to the New York Class, thereby making injunctive and/or declaratory relief

with respect to the New York Class appropriate.

44.   Plaintiff will fairly and adequately represent and protect the interests of the New

York Class.   Plaintiff understands that, as class representative, one assumes a fiduciary

responsibility to the New York Class to represent its interests fairly and adequately. Plaintiff recognizes that as a class representative, one must represent and consider the interests of the New York Class just as one would represent and consider one's own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, one must not favor one's own interests over those of the New York Class. Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the New York Class. Plaintiff understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

45.     Plaintiff has retained the Shavitz Law Group, P.A. and Kessler Matura P.C., which are competent and experienced in complex class action employment litigation.

46.     A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The members of the New York Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

47.     This action is properly maintainable as a class action under Federal Rules of Civil

Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages
### (On Behalf of Plaintiff and the FLSA Collective)

54.     Plaintiff realleges and incorporates by reference all preceding allegations.

55.     Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

56.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

57.     At all relevant times, Plaintiff and other similarly situated current and former SRs were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58.     The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

59.     Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60.     At all relevant times, Plaintiff and other similarly SRs are, or were, employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

61.     Defendant failed to pay Plaintiff and other similarly situated current and former SRs the overtime wages to which they were entitled under the FLSA.

62.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the FLSA Collective.

63.     Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional.  Defendant failed to make a good faith effort to comply with the FLSA

with respect to their compensation of Plaintiff and other similarly situated current and former employees.

64.     Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies to this Cause of Action, pursuant to 29 U.S.C. § 255.

65.     As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated SRs have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

66.     As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former SRs have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

<u>SECOND CAUSE OF ACTION</u>
**NYLL – Unpaid Overtime Wages**
**(On Behalf of Plaintiff and the New York Class)**

67.     Plaintiff realleges and incorporates by reference all preceding allegations.

68.     At all times relevant, Plaintiff and the members of the New York Class have been employees and Defendant has been an employer within the meaning of the NYLL.  Plaintiff and the members of the New York Class are covered by the NYLL.

69.     Defendant employed Plaintiff and the members of the New York Class as an employer in New York.

70.     Defendant failed to pay Plaintiff and the members of the New York Class all overtime wages for all overtime hours worked to which they are entitled under the NYLL. Defendant failed to pay Plaintiff and the members of the New York Class for all overtime hours worked at a wage rate of one and one-half times their regular rates of pay.

71.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the New York Class members.

72.     Defendants lacked a good faith basis, within the meaning of NYLL § 663, to believe their failure to pay Plaintiff overtime wages complied with the NYLL.

73.     Due to Defendant's intentional and willful violations of the NYLL, Plaintiff and the members of the New York Class are entitled to recover from Defendant their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, and such other relief as provided by law.

<u>**THIRD CAUSE OF ACTION**</u>
**NYLL – Unpaid Non-Overtime Wages**
**(Brought on behalf of Plaintiff and the Class)**

74.     Plaintiff realleges and incorporates by reference all preceding allegations.

75.     At all times relevant, Plaintiff and the NY Class Members were employees and Defendant was their employer within the meaning of the NYLL.

76.     Plaintiff and the New York Class are covered by the NYLL.

77.     Defendant failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the New York Class.

78.     Defendant failed to pay Plaintiff and the New York Class Class non-overtime wages to which they are entitled under the NYLL Art. 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations, specifically N.Y. Lab. Law § 661(3).

79.     Defendant has a policy and practice of refusing to pay non-overtime compensation for all hours worked to Plaintiff and the New York Class.

80.     Defendant's failure to pay non-overtime compensation to Plaintiff and the New York Class was willful, within the meaning of N.Y. Lab. Law § 663, and intentional.

81.     Due to Defendant's violations of the NYLL, Plaintiff and members of the New York Class are entitled to recover from Defendant their unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### NYLL Notice and Recordkeeping Claims
### (On Behalf of Plaintiff and the New York Class)

54.     Plaintiff realleges and incorporates by reference all preceding allegations.

55.     NYLL § 195(4) requires every employer to establish and maintain, for at least three years, *inter alia*, payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

56.     NYLL § 661 requires every employer to maintain, *inter alia*, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

57.     12 N.Y.C.R.R. § 142-2.6 requires every employer in miscellaneous industries to establish, maintain and preserve for six years weekly payroll records showing, *inter alia*, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

58.     NYLL § 195(3) requires that every employer furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

59.     12 N.Y.C.R.R. § 142-2.7 requires every employer in miscellaneous industries to furnish each employee a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

60.     Defendant failed to comply with the notice and record keeping requirements of NYLL § 195(3), resulting in penalties under NYLL § 198 for Plaintiff and the New York Class and attorneys' fees and costs.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, pray for the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to the Collective Members.  Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Pre-judgment interest and post-judgment interest as provided by law;

D.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing their unlawful practices;

E.     A reasonable incentive award for the Plaintiff to compensate them for the time and effort they have spent protecting the interests of other SRs, and the risks they have undertaken.

F.     Certification of the New York claims in this action as a class action;

G.     Designation of Plaintiff as the New York Class Representative;

H.     Unpaid non-overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

I.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the NYLL;

J.      Pre-judgment and post-judgment interest as provided by law;

K.      Appropriate statutory penalties;

L.      Attorneys' fees and costs of the action; and

M.      Such other injunctive and equitable relief as this Court shall deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated:  September 4, 2020
        Melville, New York

Respectfully submitted,

/s/ *Troy L. Kessler*
Troy L. Kessler (#702019)
KESSLER MATURA P.C.
534 Broadhollow Road, Suite 275
Melville, NY 11747
Tel: (631) 499-9100
tkessler@kesslermatura.com

Michael J. Palitz (#518176)
SHAVITZ LAW GROUP, P.A.
800 3rd Avenue, Suite 2800
New York, New York 10022
Tel:    (800) 616-4000
Fax:    (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
Tamra Givens*
SHAVITZ LAW GROUP, P.A.
951 Yamato Road, Suite 285
Boca Raton, FL 33431
Tel:    (561) 447-8888
Fax:    (561) 447-8831
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*to apply for admission *pro hac vice*

***Attorneys for Plaintiff and the Putative FLSA
Collective and New York Class***

# **<u>Exhibit A</u>**

## CONSENT TO JOIN FORM

       1.      I consent to be a party plaintiff in a lawsuit against Defendant(s), Lab Corp , and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

       2.      I hereby designate the Shavitz Law Group, P.A. to represent me in bringing such claim, and to make decisions on my behalf concerning the litigation and settlement.  I agree to be bound by any adjudication of this action by the Court, whether it is favorable or unfavorable.

       3.      I also consent to join any other related action against Defendant(s) or other potentially responsible parties to assert my claim and for this Consent Form to be filed in any such action.

DocuSigned by:

_____

BE360E83FE3D415...

Signature

Anthony Peterson

_____

Print Name