UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY PETERSON,

                              Plaintiff,

  vs.                                               1:20-cv-1056
                                                     (MAD/TWD)

LABORATORY CORPORATION
OF AMERICA HOLDINGS,

                              Defendant.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**SHAVITZ LAW GROUP**                 **MICHAEL J. PALITZ, ESQ.**
830 3rd Avenue, 5th Floor
New York, New York 10022
Attorneys for Plaintiff

**KESSLER MATURA P.C.**              **TROY L. KESSLER, ESQ.**
534 Broadhollow Road, Suite 275     **GARRETT KASKE, ESQ.**
Melville, New York 11747
Attorneys for Plaintiff

**PHELPS DUNBAR LLP**               **ERIN L. MALONE, ESQ.**
100 South Ashley Drive, Suite 2000    **JOHN E. PHILLIPS, Jr., ESQ.**
Tampa, Florida 33602                     **REED LOCK RUSSELL, ESQ.**
Attorneys for Defendant

**K&L Gates LLP**                        **GEORGE P. BARBATSULY, ESQ.**
1 Newark Center, 10th Floor
Newark, New Jersey 07052
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On September 4, 2020, Plaintiff filed a collective and class action complaint against Defendant alleging violations of the New York Labor Law ("NYLL"), Art. 6 §§ 190 *et seq.*, and Art. 19 §§ 650 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, based on Defendant's failure to pay overtime wages, non-overtime pay, and to observe notice and recordkeeping requirements under the NYLL.  *See* Dkt. No. 1.  Plaintiff's lawsuit originally sought to recover overtime compensation for Plaintiff and all similarly situated individuals who worked for Defendant, but on January 28, 2021 the Court dismissed non-New York opt-ins.  *See* Dkt. No. 38.  On February 1, 2021, Plaintiff filed an amended complaint that did not include out of state class members and on March 16 and April 23, 2021, all the remaining New York opt-in Plaintiffs withdrew their opt-in consents and only Plaintiff remained.  *See* Dkt. Nos. 45, 50.

On May 10, 2021, the parties engaged in Mandatory Mediation with Martin F. Scheinman, Esq.  *See* Dkt. Nos. 49, 58.  The parties did not reach an agreement at mediation, but they did continue settlement discussions outside mediation, with the assistance of the mediator, and were able to come to an agreement.  *See* Dkt. No. 56.  On July 9, 2021 the parties filed a joint motion for approval of the proposed settlement agreement.  *See* Dkt. No. 55.

As set forth below, the Court hereby grants the joint motion for approval of the settlement agreement.

## II. BACKGROUND

**A.    Factual Allegations**

Plaintiff was employed by Defendant in Kingston, New York as a Service Representative ("SR") from approximately January 2014 to June 2019.  *See* Dkt. No. 1 at ¶ 11. Plaintiff alleged that Defendant violated the FLSA and the NYLL by failing to pay him for all hours and overtime

worked including work performed before his shift started, during his unpaid thirty-minute meal breaks, and after his shift. *See id.* at ¶ 5.

According to Plaintiff, Defendant required SRs to clock out during a thirty-minute unpaid lunch break on each shift, but Plaintiff claims he worked during his breaks without compensation. *See* Dkt. No. 1 at ¶ 30. Plaintiff also alleged that SRs had to arrive about fifteen minutes before their shifts and that Defendant did not allow them to clock in until their shift time, so they did not get paid for this extra fifteen minutes of work. *See id.* at ¶ 31.

With respect to the alleged off-the-clock overtime work, Plaintiff claimed that Defendant failed to pay him for the following tasks: (1) at the beginning of each shift in connection with making specimen collection boxes, obtaining ice for the specimens, and checking whether additional routes were added to his schedule; (2) during his meal periods which he had to work because of heavy workload requirements and demanding route schedules; and (3) requiring him to watch training videos, taking training exams and quizzes, and handling vehicle maintenance issues during his free time. *Id.* at ¶¶ 30-33. According to Plaintiff, Defendant did not pay Plaintiff for this compensable time, which averaged approximately five to ten hours a week. *See id.* at ¶ 13.

Defendant answered the amended complaint on March 3, 2021. *See* Dkt. No. 43. Defendant denied all liability, damages, and that class or collective action certification was proper. *See id.* On March 22, 2021, the Court denied Plaintiff's motion for leave to file a motion for conditional certification of a collective action. *See* Dkt. No. 46.

**B.    Settlement Negotiations**

On March 22, 2021, the case was referred into Mandatory Mediation. In preparation for mediation, the parties exchanged written discovery and documents, including payroll and time

records related to Plaintiff's claims. *See* Dkt. No. 56 at 3. A Mandatory Mediation session was held on May 10, 2021, where a settlement was not reached but the parties continued settlement discussions outside mediation, with the assistance of the mediator, and were able to reach a successful settlement. *See id.* at 2.

On July 9, 2021, Plaintiff filed a joint motion for approval of the settlement agreement. *See* Dkt. No. 55.

**C.    Summary of Settlement Terms**

*1. The Settlement Fund*

The settlement establishes a gross settlement amount of $25,000 to settle claims against Defendant (the "Fund"). *See* Dkt. No. 56-1 at 2. The Fund covers Plaintiff's awards and attorneys' fees and costs. *See id.* at 2-3. The settlement also states that Defendant will provide the Plaintiff with the appropriate tax forms. *See id.* at 2.

*2. Attorneys' Fees and Costs*

Plaintiff's Counsel also seeks an award of attorneys' fees of $8,333.33, which is thirty-three and one-third percent (33 1/3%) of the Settlement Fund. *See* Dkt. No. 56 at 4. Additionally, Plaintiff's Counsel seeks reimbursement of $662.75 in necessarily incurred out-of-pocket expenses. *See id.*

### III. DISCUSSION

**A.    Standard of Review**

The Second Circuit has held that parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). As a result, district courts in the Second Circuit routinely

review FLSA settlements for fairness before approving any stipulated dismissal.  District courts typically evaluate the fairness of a settlement agreement by considering the factors outlined in *Wolinsky*, which include, among others:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012) (internal quotation marks omitted); *see also Mei Xing Yu v. Hasaki Restaurant, Inc.*, 944 F.3d 395, 413 (2d Cir. 2019) (referring to the *Wolinsky* factors examined as part of a district court's fairness review under *Cheeks*).

In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs.  *See Cheeks*, 796 F.3d at 206; 29 U.S.C. § 216(b) ("The Court ... shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action"); *see, e.g.*, *Calle v. Elite Specialty Coatings Plus, Inc.*, No. 13-cv-6126, 2014 WL 6621081, *2 (E.D.N.Y. Nov. 21, 2014) ("When an FLSA settlement includes an allotment of attorney's fees, the court must also evaluate the reasonableness of the fees").

**B.**     **Approval of Settlement**

The first *Wolinsky* factor weights in favor of approval of the settlement agreement. Defendant denies that Plaintiff worked off the clock, or if he did, Defendant claims it was without their knowledge.  *See* Dkt. No. 56 at 3.  Defendant also contends that there are defenses applicable to Plaintiff, which, if asserted, would bar all or part of Plaintiff's claims and that they

5

complied with all notice and recordkeeping requirements under the NYLL. *See id.* Therefore, it is possible that Plaintiff could have recovered nothing in this matter. *See id.*

Plaintiff's Counsel also estimated that Plaintiff's potential best-case recovery at trial would be approximately $15,000. *See id.* at 4. Because the agreed upon amount of $25,000 is slightly higher than the estimated best-case recovery amount, and Plaintiff could have recovered nothing if the case went to trial, factor one weighs in favor of approval.

Factors two and three also weigh in favor of approval. If the parties were to continue litigating this matter, they would need to conduct depositions, continue engaging in written discovery, and overall spend time and money preparing their case. *See id.* The settlement, therefore, provides a reasonable way for the parties to avoid anticipated burdens and expenses in preparing their case and to decrease the seriousness of the litigation.

Factors four and five also weigh in favor of approval. Counsel for both parties have negotiated at arm's length and have significant experience handling wage and hour claims. *See id.* There was also no fraud or collusion. The parties only reached an agreement after participating in many hours of negotiations with a well-known and experienced mediator. *See id.* As mentioned above, the settlement falls within the range of reasonableness in light of the best possible recovery for Plaintiff. *See id.* Accordingly, the Court finds that the settlement amount of $25,000 is reasonable.

C.  **Attorneys' Fees**

Plaintiff's Counsel seeks an award of attorneys' fees of $8,333.33, which is 33 1/3% of the Settlement Fund. *See* Dkt. No. 56 at 4. Additionally, Plaintiff's Counsel seeks reimbursement of $662.75 in necessarily incurred out-of-pocket expenses. *See id.* The Court finds that the attorneys' fees and costs set forth in the settlement agreement are reasonable given the nature of

the case and the amount of time expended. Additionally, the finding of reasonableness is further supported by the fact that the parties have agreed that this amount fairly compensates counsel for the work performed. *See id.*

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, the Court hereby

**ORDERS** that the joint motion for approval of the FLSA settlement is **GRANTED**; and the Court further

**ORDERS** that this case is **DISMISSED with prejudice** as set forth in the settlement agreement; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment by reason of settlement and close this case; and the Court further

**ORDERS** the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 17, 2021
　　　Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge